# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SEBASTIAN WILLIE MEJIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3036 |
| | § | |
| CAROL E. MONROE, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against Ferguson Unit officer Rocky N. Moore. The Court dismissed the lawsuit without prejudice for plaintiff's failure to file a more definite statement of the facts supporting his claims. Plaintiff filed a motion for relief under Rule 59(e) (Docket Entry No. 11), stating that he did not receive the order to file a more definite statement. The Court sent plaintiff a second copy of the order, and plaintiff timely responded. The motion for relief under Rule 59(e) (Docket Entry No. 11) is GRANTED.

Having screened plaintiff's complaint against defendant Moore and his more definite statement, the Court DISMISSES this lawsuit for the reasons explained below.

### *Claims and Factual Background*

Plaintiff complains that defendant Moore arranged for him to be transferred to the Michael Unit, which plaintiff contends is a psychiatric ward, even though he had not been

diagnosed with a mental illness.[1] He asserts that the transfer was in retaliation for a section 1983 lawsuit plaintiff filed against Moore in January 2018. To clarify plaintiff's claims, the Court ordered plaintiff to state "all facts supporting your allegation that the only reason you were transferred to the mental health unit was because Moore was retaliating against you." In response, plaintiff stated, "Because I am not mentally ill. Warden Moore had staff ask if I would consent to being transferred to a mental health unit, the equivalent of a psychiatric ward. There is no reason I would require the treatment offered here on this mental health unit." (Docket Entry No. 14, p. 3.) The Court further ordered plaintiff to state "all facts supporting your allegation that Moore was acting in retaliation against you and not for any other reason." Plaintiff responded, "Because I have no mental illness. I have never been evaluated by a doctor concerning my mental health." *Id*., p. 4.[2]

Plaintiff requests a declaratory judgment finding that Moore retaliated against him and awarding him compensatory and punitive damages.

---

[1]The Texas Department of Criminal Justice operates designated psychiatric facilities. *See*, *e.g.*, information regarding the Skyview Unit at https://www.tdcj.texas.gov/unit_directory/sv.html (accessed on February 21, 2021). The Michael Unit, however, is not a designated psychiatric facility. *See* https://www.tdcj.texas.gov/unit_directory/mi.html (accessed on February 21, 2021).

[2]Despite this allegation, plaintiff states in his complaint that he refused to sign a consent form allowing Michael Unit officers access to his psychiatric files. (Docket Entry No. 1, p. 4.) In a grievance attached to the complaint, plaintiff acknowledged he "suffer[s] from depression as a result of being an innocent man in prison for consecutive life sentences." He denied having "psychiatric episodes." *Id*., p. 14.

### *Legal Standards*

When a prisoner seeks to proceed *in forma pauperis* against a government official or employee, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

In determining whether a complaint fails to state a claim, courts "us[e] the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citation omitted). Under this standard, "a complaint fails to state a claim upon which relief may be granted when it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotation marks and citation omitted).

To demonstrate the requisite plausibility, a complaint must be "based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitaker v. Collier*, 862 F.3d 490, 497 (5th Cir. 2017) (internal

quotation marks and citations omitted). The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor will the court "strain to find inferences favorable to plaintiff" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 351 (5th Cir. 2004) (internal quotation marks and citations omitted). A plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

Generally, courts should give a plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court may deny leave to amend, however, if the defects are incurable or the plaintiff has already alleged his best case. *Id.* Here, plaintiff was afforded an opportunity to plead facts supporting his claim for retaliation against Moore through the Court's order for a more definite statement. The Court finds that plaintiff has pleaded his best case.

### *Analysis*

To prevail on a retaliation claim, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that, but for the retaliatory motive, the complained

4

of incident would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 2006) (internal quotation marks omitted). Prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts. *Id*.

A prisoner's personal belief or opinion that he is a victim of retaliation will not support a retaliation claim. *Jones*, 188 F.3d at 325 (explaining "the inmate must allege more than his personal belief that he is the victim of retaliation."). Plaintiff here pleads no factual allegations showing that, but for a retaliatory motive by Moore, he would not have been transferred to the Michael Unit. Although plaintiff argues that the transfer was done in retaliation, he offers nothing beyond his own personal belief to substantiate this assertion, which is not sufficient to state a claim upon which relief may be granted. *Johnson*, 110 F.3d at 310. The Fifth Circuit has held that a conclusory assertion that a prison unit transfer was motivated by retaliation is insufficient to state a viable claim for retaliation. *Ahmad v. Ortiz*, 1994 WL 733500 (5th Cir. Dec. 27, 1994).

Moreover, a state prisoner has no constitutional right to be incarcerated in a certain facility, even if conditions in one prison may be much more disagreeable than in another. *See Ohm v. Wakinekona*, 461 U.S. 238, 245 (1983). Plaintiff fails to show that his transfer to the Michael Unit implicated a constitutionally protected liberty interest, and no viable claim for relief under section 1983 has been pleaded.

5

*Conclusion*

Plaintiff's motion for relief under Rule 59(e) (Docket Entry No. 11) is GRANTED. This lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a viable claim pursuant to 28 U.S.C. § 1915 (e) (2) (B). Any and all pending motions are DENIED AS MOOT.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk is to provide a copy of this order to plaintiff, to the TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on February 26, 2021.

_____
Gray H. Miller
Senior United States District Judge